| | |
|---|---|
| | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>Plaintiff,<br><br>v.<br><br>K. E. SAID,<br><br>Defendants. | Case No.: 1:18-cv-00741-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 10] |

Plaintiff Kory T. O'Brien is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed August 2, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Doctors K.E. El Said, Moustafa, Shiesha and Baniga as Defendants.

Dr. El Said was Plaintiff's primary care physician from 2013 until November 2016. Drs. S. Bryant and Baniga are Dr. El Said's supervisors.

On June 28, 2016, Plaintiff suffered a heart attack at approximately 12:30 a.m. Upon arriving at San Joaquin Community Hospital on June 28, 2016, Dr. Ghandforogh immediately placed Plaintiff on statin and advised him that his left coronary artery was completely blocked due to high cholesterol.

When Plaintiff returned to the hospital, he was interviewed by Dr. Hill and asked why he was never informed that he suffered high cholesterol. After Plaintiff received and reviewed his medical file, Plaintiff discovered that Drs. El Said, S. Bryant and Baniga were indifferent to his medical needs.

On January 16, 2014, a blood test was ordered, which showed low good HDL cholesterol, borderline high bad LOL cholesterol, high triglycerides and the non-HDL good cholesterol was high. The lab results were noted by psychiatry and forwarded to Dr. El Said. Psychiatry requested a chronic

care appointment. However, Dr. El Said did not ask for a follow-up appointment, even though psychiatry recognized the need for medical intervention.

On January 26, 2015, Dr. S. Bryant felt there was no need for a follow-up appointment; however, the test on January 23, 2015, revealed borderline high total cholesterol, borderline high triglycerides, borderline high LDL bad cholesterol, and the HDL good cholesterol was low.

On February 23, 2016, Dr. P. Narayan ordered a lipid/cholesterol panel.

On March 9, 2016, an electrocardiogram (EKG) was done on Plaintiff's heart, and Plaintiff's blood pressure was elevated.

On March 22, 2016, blood testing was collected which showed high levels of cholesterol in all areas.

On March 24, 2016, psychiatry asked for an appointment with Plaintiff's primary care physician. Dr. Moustafa was aware of Plaintiff's need for medical attention but passed the problem to Plaintiff's primary care physician, Dr. El Said.

On April 7, 2016, Dr. El Said stated on a CDCR medical form, "I reviewed lab results and determined it was not medically significant patient does not need to be seen on any urgent matter or any other date than upcoming appointment."

Three months later, on June 28, 2016, Plaintiff suffered a heart attack.

## III.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett,

439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122.

Plaintiff's claim that medical testing should have led medical professionals to realize he was at risk for a heart attack does not demonstrate deliberate indifference. Plaintiff's allegations, at most, would support a claim for negligence. Furthermore, while the treatment may have proven unsuccessful or negligent, Plaintiff's allegations are nothing more than a disagreement with the treatment. Plaintiff has failed to present facts that demonstrate any medical professional chose not to treat him in conscious disregard to the fact he may suffer a heart attack. Moreover, Plaintiff cannot simply review his medical records and self-diagnose his problems, then expect a medical expert to implement his recommendations for the course of treatment. The fact that Plaintiff believes his cholesterol levels were too high is insufficient to give rise to a claim for deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference.

///
///
///

4

# IV.

# CONCLUSION AND RECOMMENDATION

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. As with Plaintiff's original complaint, his allegations in the first amended complaint amount to nothing more than potential negligent conduct which is not cognizable. Based upon the allegations in Plaintiff's original and first amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief, without further leave to amend.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 8, 2018**

UNITED STATES MAGISTRATE JUDGE