UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>        Plaintiff,<br><br>    v.<br><br>K. E. SAID,<br><br>        Defendants. | Case No.: 1:18-cv-00741-LJO-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER DEFAULT AGAINST DEFENDANT DR. K. EL SAID |

Plaintiff Kory T. O'Brien is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for entry of default, filed August 14, 2019.

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "a defendant must serve an answer within 21 days after being served with the summons and complaint…." Fed. R. Civ. P. 12(a)(1)(A)(i).

This action proceeds against Defendant Dr. El Said for deliberate indifference to a serious medical need in violation of the Eighth Amendment of the United States Constitution. Because Plaintiff is proceeding in forma pauperis, the Court ordered service of process by the United States Marshal on March 21, 2019. (ECF No. 24.)

On July 24, 2019, the summons was returned executed indicating that Defendant Dr. K. El Said was personally served on July 16, 2019. (ECF No. 29.) To date, Defendant Dr. K. El Said has not appeared in this action and has failed to respond to service. Therefore, entry of default is warranted under Rule 55(a). However, Plaintiff must apply to the Court for entry of default *judgment*. Fed. R. Civ. P. 55(b)(2). In determining whether to enter default judgment, the Court is free to consider several factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The following are several factors the Court may consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Id. at 1472.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk of Court is directed to enter default; and
2. The Clerk of Court shall serve a copy of this order on Defendant Dr. K. El Said at the address of service of the summons and complaint to be maintained confidential and not placed on the docket.

IT IS SO ORDERED.

Dated: **August 19, 2019**

UNITED STATES MAGISTRATE JUDGE