# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>        Plaintiff,<br><br>    v.<br><br>K. E. SAID,<br><br>        Defendants. | Case No.: 1:18-cv-00741-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING SETTING ASIDE ENTRY OF DEFAULT JUDGMENT AND DENY PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT AS MOOT<br><br>[ECF Nos. 32, 33, 34, 35, 36] |

Plaintiff Kory T. O'Brien is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## RELEVANT BACKGROUND

This action is proceeding against Defendant Dr. El-Said for deliberate indifference to a serious medical need. Plaintiff alleges, in pertinent part, that Defendant Dr. El-Said knew of his high cholesterol condition and failed to provide treatment or inform Plaintiff of his condition, resulting in Plaintiff having a heart attack in June 2016.

On August 19, 2019, the Court entered default against Defendant Dr. El-Said because he failed to file a timely response to the operative complaint. (ECF No. 32.)

On August 26, 2019, Plaintiff filed a motion for default judgment. (ECF No. 34.)

On September 9, 2019, Defendant Dr. El-Said filed a motion to set aside the entry of default, and an opposition to Plaintiff's motion for default judgment. (ECF Nos. 35, 36.) Plaintiff did not file an opposition and the time to do so has expired. Local Rule 230(l).

## II.

## LEGAL STANDARD

A party may have an entry of default set aside upon a showing of good cause. Fed. R. Civ. Pro. 55(c). "Once default judgment has been entered, relief is governed by Rule 60(b)." Brandt v. American Bankers Ins. Co. of Florida, 653 F.3d 1108, 1111 (9th Cir. 2011). In determining if good cause exists to set aside the default, "the court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle (Signed Personal Check), 615 F.3d 1085, 1091 (9th Cir. 2010) (internal punctuation and citations omitted). Any of these factors are sufficient by themselves to refuse to set aside default. Signed Personal Check, 615 F.3d at 1091.

The test is the same for setting aside default under Rules 55 or 60, however when a party is seeking relief from default prior to the entry of default judgment, the test is more liberally applied. Id. at 1091 n.1. "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Id. at 1091 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984)).

## III.

## DISCUSSION

### A. Defendants Did Not Engage In Culpable Conduct

Culpable conduct occurs where a defendant receives actual or constructive notice that the action was filed and intentionally fails to answer. Signed Personal Check, 615 F.3d at 1092. Conduct is found to be culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id. (quoting TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696-97 (9th Cir.2001)). "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as

2

prejudice, weigh heavily in favor of denial of the motion to set aside a default." Signed Personal Check, 615 F.3d at 1092.

Defendant does not dispute that he was personally served with the complaint on July 16, 2019, and failed to timely respond. However, "[b]ased on Defendant's past experience with prisoner lawsuits, he honestly, but erroneously, believed that the CCI Litigation Coordinator had the copy delivered to his office as a means of informing him that Plaintiff filed a lawsuit against him. Defendant assumed the Litigation Coordinator was also making the necessary arrangements for him to be represented by the OAG, who would then subsequently respond to the lawsuit. Defendant's assumptions and [beliefs] were grounded in his prior experiences, both while at and outside of the prison setting, of never having been personally served with a prisoner lawsuit and receiving notice of pending prisoner litigation against him through the Litigation Coordinator…." (Mot. at 7:5-13, ECF No. 35.)

Here, there is no indication that Defendant Dr. El-Said acted willfully or in bad faith in failing to respond. Instead, based on Defendant's representations, under penalty of perjury, indicate that his failure was due to his mistaken belief that the Litigation Coordinator would arrange for him to be represented by the OAG, as had been done in prior actions filed against him. Furthermore, Defendant in good faith moved to have the default set aside as soon as he discovered that the OAG had not defended the action. Therefore, the Court finds that the failure to file an answer to the complaint in this action was not culpable conduct.

**B.     Defendants' Have a Meritorious Defense**

In order to have entry of default set aside, Defendant must also present specific facts that would constitute a meritorious defense. TCI Group Life Ins. Plan, 244 F.3d at 700. The burden on the movant is not extraordinarily heavy. Id. A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. Haw v. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

Defendant submits that although he does not recall his interactions with Plaintiff at CCI from 2013 to 2016, he is able to deny the allegations based on his experience, education, and customary practice. Defendant further submits that he did not ignore Plaintiff's cholesterol condition, and he did

3

not prescribe statin therapy because such was not medically indicated.

With regard to Plaintiff's specific allegations, Defendant argues that a slightly elevated cholesterol reading, such as 206 as alleged by Plaintiff, does not require immediate medical attention, and is a matter that can be addressed during a routine medical appointment. (El-Said Decl. ¶ 16, ECF No. 35-1.) Defendant further believes that he was on medical leave by April 4, 2016, the date Plaintiff alleges Defendant refused to see him. (Id.) Defendant also argues that Plaintiff did not meet the criteria for statin therapy. (El-Said Decl. ¶ 17.) Accordingly, based on the facts presented by Defendant, the Court finds he is able to mount a meritorious defense against Plaintiff's claim for deliberate indifference.

### C. Plaintiff Will Not Suffer Any Prejudice

To be prejudicial, the setting aside of an entry of default must result in greater harm than simply delaying resolution of the case." TCI Group Life Ins. Plan, 244 F.3d at 701. The standard is "whether [a plaintiff's] ability to pursue his claim will be hindered." Falk v. Allen, 739 F.2d at 463. "Merely being forced to litigate on the merits cannot be considered prejudicial for purposes" of setting aside the default. Id.

Plaintiff has failed to demonstrate prejudice if the entry of default is set aside. This case was filed in mid-2018, and remanded to the Court in March 2019. (ECF Nos. 1, 23.) Defendant was served in mid-July 2019, and a little more than a month later, default was entered. (ECF Nos. 29, 33.) Thus, no substantial amount of time has lapsed since Defendant was served to the time of filing this motion to increase the likelihood that witnesses' memories have faded or that pertinent records have disappeared or been destroyed. In fact, Plaintiff is still a prisoner in CDCR's custody, such that his relevant and material medical records are presumably still within his CDCR medical file. Setting aside the default will merely set the parties where they were prior to the defendants failing to respond. TCI Group Life Ins. Plan, 244 F.3d at 701. The Court finds that any prejudice Plaintiff would suffer from this slight delay would be outweighed by the other factors and the policy that cases be decided on the merits. In light of this recommendation, the Court will recommend that Plaintiff's motion for default judgment be denied as rendered moot.

///

4

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to set aside the entry of default be granted; and

2. Plaintiff's motion for default judgment be denied as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 7, 2019__

UNITED STATES MAGISTRATE JUDGE