1

2

3

4

5

6

7

8           **UNITED STATES DISTRICT COURT**

9           **EASTERN DISTRICT OF CALIFORNIA**

10

11   KORY T. O'BRIEN,                        )   Case No.: 1:18-cv-00741-NONE-SAB (PC)
                                             )
12                  Plaintiff,               )
                                             )   ORDER REGARDING PLAINTIFF'S MOTION
13           v.                              )   TO COMPEL
                                             )
14   K. E. SAID,                             )   [ECF No. 48]
                                             )
15                  Defendants.              )
                                             )
16   _____)

17           Plaintiff Kory T. O'Brien is appearing *pro se* and *in forma pauperis* in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19           Currently before the Court is Plaintiff's motion to compel, filed on April 20, 2020.

20                                      **I.**

21                          **RELEVANT BACKGROUND**

22           This action is proceeding against Defendant Dr. El-Said for deliberate indifference to a serious

23   medical need.

24           On December 3, 2019, Defendant filed an answer to the complaint.

25           On January 6, 2020, the Court issued the discovery and scheduling order.

26           As previously stated, on April 20, 2020, Plaintiff filed the instant motion to compel.

27   Defendant filed an opposition on May 11, 2020, and Plaintiff did not file a reply.  Local Rule 230(l).

28   ///

                                             1

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 43.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery

1  regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to

2  the needs of the case, considering the importance of the issues at stake in the action, the amount in

3  controversy, the parties' relative access to relevant information, the parties' resources, the importance

4  of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

5  outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

6         Generally, if the responding party objects to a discovery request, the party moving to compel

7  bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV

8  S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at

9  *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis

10  v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

11  This requires the moving party to inform the Court which discovery requests are the subject of the

12  motion to compel, and, for each disputed response, why the information sought is relevant and why

13  the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack,

14  2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

15  However, the Court is vested with broad discretion to manage discovery and notwithstanding these

16  procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the

17  Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d

18  606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir.

19  2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

20                                        **III.**

21                                  **DISCUSSION**

22         Plaintiff moves to compel further responses to his requests for production of documents

23  numbers 3, 5, 6, and 7.

24         Defendant opposes Plaintiff's motion and argues that he fully responded to each requested and

25  produced all responsive documents in his possession, custody, or control.

26         Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any

27  other party a request to produce and permit the party making the request...to inspect and copy any

28  designated documents...which are in the possession, custody or control of the party upon whom the

3

request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991) ). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995) ); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010). Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05–cv–01525–LJO–DLB (PC), 2010 WL 1035774, at *3–4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

### A.    Request for Production No. 3

Request: "Plaintiff request a copy of all medical bills from outside medical providers to California Department of Corrections pertaining to Plaintiff's medical heart condition from June 1, 2016 to current.  All documents/bills are to include but not limited to; hospital bills, cardiology bills, catheter bills, ER bills, stress test bills, Ambulance bills, Dr. bills, EKG's bills, medication bills, and any other medical associated bills."

Response: "Defendant objects to this request on the grounds it is overbroad in time and scope, vague in its entirety, violates the proportionality requirement of Federal Rule of Civil Procedure 26(b)(1), and is unduly burdensome, oppressive, and harassing because it seeks documents that are

irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and are beyond the scope of the claims asserted against Defendant.  Without waiving any objection, and after a reasonable search and inquiry, Defendant has no responsive documents in his possession, custody, or control."

Ruling: Plaintiff's motion to compel a further response must be denied.  Plaintiff fails to demonstrate that Defendant has control over Plaintiff's medical bills from outside providers.  The burden of establishing control over the documents sought is on the party seeking production. United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989).  A party is not in "control" of records that the requesting party has equal ability to obtain from public sources. See Estate of Young Through Young v. Holmes, 134 F.R.D. 291, 294 (D. N.V. 1991).  Dr. El-Said is the only Defendant in this action, and he was employed by CDCR, not an outside facility.  If Plaintiff seeks records from an third-party, he must seek them by way of subpoena.

Plaintiff is advised that discovery is permissible against nonparties.  Fed. R. Civ. P. 45.  A subpoena duces tecum, served pursuant to Federal Rule of Civil Procedure 45(a)(2), directs a non-party to an action to produce documents or other tangible objects for inspection. Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. See 28 U.S.C. § 1915(d).  A subpoena must be personally served, or it is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475, 479 (D. Alaska 1958).

This court must consider the following matters before approving service of a proposed subpoena duces tecum. A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"), and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103

5

F.R.D. 447, 450 (S.D. Fla. 1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605.

In addition, courts in this district require that a motion requesting issuance of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See e.g. Davis v. Ramen, No. 1:06-cv-1216 AWI SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-0124 AWI SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 13, 2010). The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena. See Fed. R. Civ. P. 45(a)(1)(A)(iii). Finally, pursuant to Rule 45(c)(2), a subpoena duces tecum commands the recipient to "produce" documents. Plaintiff is advised that he may be provided access to review documents but that if he wishes to have copies of the documents, he may be required to photocopy them at his own expense. Accordingly, Plaintiff's motion to compel a further response is denied.

**B.      Request for Production No. 5**

Request: "Plaintiff request a copy of all correspondence to include but not limited to correspondence between: Dr. El-Said to and from Dr. Moustafa, Dr. El-Said to and from Schedur, Dr. El-Said to and from euHR, and any other prison official to and from any Dr. pertaining to Plaintiff's Health, time frames are to include from October 1, 2012 to June 1, 2017."

Response: "Defendant objects to this request on the grounds it is overbroad in time and scope, vague as to the meaning of 'correspondence,' violates the proportionality requirement of Federal Rule of Civil Procedure 26(b)(1), and is unduly burdensome, oppressive, and harassing because it seeks documents that are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and are beyond the scope of the claims asserted against Defendant.  Without waiving any objection and assuming that 'correspondence' does not include Plaintiff's medical records, Defendant has no responsive documents in his possession, custody, or control after a reasonable search and inquiry."

1    In response to Plaintiff's motion, Defendant further argues as a former CDCR employee,

2  Defendant has no current relationship with the department, and he does not have access to emails or

3  other documents maintained by CDCR. Plaintiff did not show that Defendant has the legal right to

4  compel CDCR to provide him with any responsive documents that may exist. Plaintiff again asserts

5  that "Defendant's counsel can request such documents." (Pl's Mot. 2:28-3:1.) Rule 34 does not impose

6  a duty on the responding party's attorneys. The duty applies to the responding party. Even if

7  Defendant's attorney "can request" the documents sought here, "requesting" the documents is not the

8  standard to show a party has "control" of the documents. Plaintiff cited no authority or facts to show

9  that Defendant's attorneys have control over CDCR or the legal right to compel the prison or

10 department to turn over any responsive documents.

11    Ruling: Plaintiff's motion to compel a further response is granted.  It is unclear from the

12 response whether Defendant does not have possession, custody, or control of responsive documents

13 because such documents do not exist (e.g., because an investigation was never conducted or any

14 documents that may have existed were destroyed), or whether the documents do exist but are outside

15 defendants' possession, custody, or control.  Accordingly, Defendant will be required to clarify his

16 response. If such documents exist but are not in Defendant's possession, custody, or control,

17 Defendant shall also identify the documents and the appropriate custodian of records so that Plaintiff

18 may subpoena the records if he wishes.  Accordingly, Plaintiff's motion to compel a further response

19 is granted, and Defendant will be directed to supplement his response.

20    **C.    Request for Production No. 6**

21    Request: "Plaintiff request a copy of any grievances, investigations, or complaints in any of Dr.

22 El-Said's employment files.  These complaints are to include but not limited to Dr. El-Said's practice

23 of care towards inmates.  This request is made based on Defendants First Affirmative Defense

24 response of conduct.  To include grievance, investigations or complaints against Dr. El-Said with

25 findings."

26    Response: "Defendant objects to this request on the grounds it is overbroad in time and scope,

27 vague as to the meaning of 'any grievances, investigations, or complaints,' 'employment files,' and

28 'practice of care towards inmates,' violates the proportionality requirement of Federal Rule of Civil

Procedure 26(b)(1), and is unduly burdensome, oppressive, and harassing because it seeks documents that are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and are beyond the scope of the claims asserted against Defendant.  Without waiving any objection and limiting the scope of this request to grievances, complaints, and investigations concerning Defendant's provision of medical care to inmates filed, submitted, or conducted in the four years preceding April 2016, Defendant has no responsive documents in his possession, custody, or control, and believes that no such documents exist."

Ruling: Plaintiff's motion to compel a further response is denied.  Notwithstanding Defendant's objection, Defendant indicates that there are no responsive documents.   While Plaintiff may be disinclined to trust Defendant's discovery responses, he is in a position no different than any other civil litigant: in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided.  Mere distrust and suspicion regarding discovery responses do *not* form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request.  Fed. R. Civ. P. 26(g)(1), 33; Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. 2007).

Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed. R. Civ. P. 11(b). See also Fed. R. Civ. P. 33(c).  Further, Defendant is required to supplement his discovery responses should he learn that his responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff.  Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

### D.      Request for Production No. 7

Request: "Plaintiff request a copy of Dr. El-Said's acknowledgement as required by Title 15 § 3285 of Laws and Regulations CDC Form 181."

Response: "Defendant objects to this request on the grounds it is overbroad, lacks foundation,

and is unduly burdensome, oppressive, and harassing because it seeks documents that are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and are beyond the scope of the claims asserted against Defendant.  Without waiving any objections, Defendant has no responsive documents in his possession, custody, or control because no such document exists.  Defendant was employed by the California Department of Corrections and Rehabilitation."

Ruling:  Plaintiff's motion to compel a further response must be denied.  Section 3285 provides in pertinent part: "Persons who are not department employees, but who work with or near inmates are to be informed of the laws and regulations governing association with prison inmates.  Such persons [must read and sign] CDCR Form 181."   Defendant has declared that he was employed by CDCR when he worked at CCI.  (El-Said Decl. ¶ 2, ECF No. 35-1.)  Therefore, because Defendant was a department employee, he was not required to sign the CDC Form 181.  Accordingly, there is no basis to order a further response.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion to compel is denied in part and granted in part;

2.    Within thirty (30) days from the date of service of this order, Defendant shall file a supplemental response to Request for Production No. 5, indicating whether documents exist but are not in Defendant's possession, custody, or control, and if such documents exist, identify the appropriate custodian of records so that Plaintiff may subpoena the records if he wishes; and

3.    Plaintiff's motion to compel is denied in all other respects.

IT IS SO ORDERED.

Dated:   **June 9, 2020**

_____
UNITED STATES MAGISTRATE JUDGE

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28