UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>            Plaintiff,<br><br>    v.<br><br>K. E. SAID,<br><br>            Defendant. | Case No.: 1:18-cv-00741-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENAS DUCES TECUM, WITHOUT PREJUDICE<br><br>(ECF No. 53) |

Plaintiff Kory T. O'Brien is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for issuance of subpoenas duces tecum, filed on July 16, 2020. Defendant filed an opposition on August 6, 2020. The Court deems the matter suitable for resolution without the filing of a reply by Plaintiff. Local Rule 230(l).

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendant Dr. El-Said for deliberate indifference to a serious medical need. Plaintiff alleges, in pertinent part, that Defendant Dr. El-Said knew of his high cholesterol condition and failed to provide treatment or inform Plaintiff of his condition, resulting in Plaintiff having a heart attack in June 2016.

///

On December 3, 2019, Defendant filed an answer to the complaint.  (ECF No. 39.)  On January 6, 2020, the Court issued the discovery and scheduling order.  (ECF No. 43.)  The discovery deadline is currently set to expire on September 6, 2020. (Id.)

On June 9, 2020, the Court granted in part and denied in part Plaintiff's motion to compel. (ECF No. 50.)

As previously stated, on July 16, 2020, Plaintiff filed a request for issuance of two subpoena duces tecum.  Defendant filed an opposition on August 6, 2020.

## II.

## DISCUSSION

Pro se litigants who proceed in forma pauperis are entitled to invoke a district court's subpoena power and have the United States Marshal serve process.  28 U.S.C. § 1915(d).  However, this right is subject to the requirements of the discovery rules and the court's duty to ensure that a subpoena does not impose an undue burden or expense on the person subject to that subpoena.  Avery v. Pazos, Case No. 2:06-cv0-01400-FCD-KJM, 2007 WL 4284729, at *1 (E.D. Cal. Dec. 5, 2007).  The scope of discovery through a subpoena is the same as that applicable to Rule 26 and the other discovery rules. Couch v. Wan, Case No. 1:18-cv-01621-LJO-DLB, 2011 WL 2551546, at *2 (E.D. Cal. June 24, 2011); see also Fed. R. Civ. P. 45 Advisory Committee Notes 1991 Amendment.

The Court will authorize the Clerk's Office to issue a subpoena duces tecum commanding a third party to produce documents *only if* (1) Plaintiff is unable to obtain the documents directly from Defendant and (2) he thereafter files a motion to compel which results in a determination that he is entitled to the documents but Defendant lacks possession, custody, or control over them.  See Fed. R. Civ. P. 45(d) (parties have a duty to avoid imposing undue burden or expense on a person subject to subpoena and courts are required to enforce this duty) (quotation marks omitted); Ollier v. Sweetwater Union High School Dist., 768 F.3d 843, 862 (9th Cir. 2014) (district courts have "wide discretion in controlling discovery.") (internal quotation marks and citation omitted).

Rule 45 requires the Court to quash any subpoena that "requires the disclosure of privileged or other protected matter" or "subjects a person to an undue burden."  In addition, a motion for issuance of a subpoena duces tecum should (1) clearly identify the documents sought and from whom, and (2)

demonstrate that the records are obtainable only through the identified third party." <u>Alexander v. California Dep't of Corr. et al.</u>, Case No. 2:08-cv-02773-MCE-KJN, 2010 WL 4069953, at *2 (E.D. Cal. Oct. 18, 2010).

Plaintiff requests the Court to issue two subpoenas duces tecum. The first subpoena is directed to Valley State Prison (VSP) for copies of his medical records and correspondence between Defendants and other individuals, and the second subpoena is directed at the California Correctional Institution (CCI) to obtain information regarding the date Defendant last worked at CCI.

Defendant opposes Plaintiff's request on the ground that subpoenas are not necessary because the documents are available to him through other means or less intrusive discovery methods.

### A. Request for Access to Medical Records

Plaintiff seeks the following eight requests directed to VSP: (1) "Plaintiff requests a copy all correspondence [sic] but not limited to electronic correspondence between K.E. Said M.D. and psychiatric Dr. Moustafa with and/or containing Plaintiff's name, Kory T. O'Brien, and/or inmate #AM1378 from the date of March 1, 2016 till August 30, 2016"; (2) "Plaintiff requests a copy of the following forms: 1) CDCR Form 7243[;] 2) CDCR Form 7221[;] 3) CDCR Form 7230 containing Plaintiff's name, Kory T O'Brien, and/or inmate #AM1378 to be issued by but not limited to Dr. K.E. Said and/or Dr. Moustafa from the date of March 1, 2016 till August 30, 2016"; (3) "The Plaintiff request all correspondence to include but not limited to electronic correspondence between 'scheduler' and Dr. K.E. Said containing Plaintiff's name, Kory T. O'Brien, and/or inmate #AM1378 from the dates of January 1, 2014 till February 30, 2014"; (4) "Plaintiff request all correspondence to include but not limited to electronic correspondence between 'schedul[e]r' and Dr. K.E. Said containing Plaintiff's name, Kory T. O'Brien, and/or inmate #AM1378 from the dates of March 1, 2016 to August 30, 2016"; (5) "Plaintiff request all correspondence to include but not limited to electronic correspondence between 'schedul[e]r' and Dr. K.E. Said containing Plaintiff's name, Kory T. O'Brien, and/or inmate #AM1378 from the dates of January 1, 2014 till February 30, 2014"; (6) "Plaintiff request all correspondence to include but not limited to electronic correspondence between psychiatry and Dr. K.E. Said containing Plaintiff's name, Kory T. O'Brien, and/or inmate #AM1378 from the dates of January 1, 2014 till February 30, 2014"; (7) "Plaintiff request all correspondence to include

but not limited to electronic correspondence between Dr. K.E. Said and 'schedul[e]r' containing Plaintiff's name, Kory T. O'Brien, and/or inmate #AM1378 from the dates of January 1, 2014 till February 30, 2014."  (ECF No. 53 at 3-6.)

      As a general rule, the Court will not issue a subpoena for a prisoner's prison medical or other records unless he has demonstrated an inability to obtain them through regular prison procedures. See, e.g., Glass v. Diaz, No. 1:04-cv-05953-AWI-DLB P, 2007 WL 2022034, at *4 (E.D. Cal. July 9, 2007) (where prison medical records are "equally available to plaintiff, plaintiff must attempt to obtain them through the proper prison channels" before seeking court intervention based on a "showing that he has been unable to obtain these records on his own"); Valenzuela v. Smith, No. S 04-0900 FCD DAD P, 2006 WL 403842, at *2 (E.D. Cal. Feb. 16, 2006) ("[d]efendants cannot be compelled to produce documents ... that are equally available to plaintiff in his prison medical file"); Singleton v. Hedgepath, No. 1:08-cv-00093-AWI-GSA-PC, 2011 WL 1806515, at *8 (E.D. Cal. May 10, 2011) (denying plaintiff's motion to compel defendants' production of documents from his prison file because the documents were "equally accessible to both parties"); Cortinas v. Huerta, No. 1:17-cv-00130-AWI-GSA-PC, 2019 WL 6050833, at *4 (E.D. Cal. Nov. 15, 2019) (declining to compel defendants to produce plaintiff's prison medical records without a showing of plaintiff's "efforts to request and access these files through an Olson review or a subpoena duces tecum").  Plaintiff has the legal right to inspect and obtain a copy of his medical records.  45 C.F.R. § 164.524; Cal. Health & Safety Code § 1231.10.  Furthermore, CDCR has procedures in place for Plaintiff to review and obtain copies of his medical records.  (See ECF No. 56 Ex. A [CDCR Health Care Services, Vol. 6, Ch. 39 Release of Health Information: Patient Access (v 7/2012)].)  Thus, a subpoena may be served on VSP only upon a showing that Plaintiff's efforts to review and copy his medical records through regular prison procedures have been unsuccessful.   Plaintiff's motion is silent as to whether he has availed himself of that process to obtain medical records as requested in Nos. 2 and 8.  It is Plaintiff's responsibility to clearly identify the chronology and substance of these efforts, including the precise medical records sought, the responses Plaintiff received, and whether Plaintiff has exhausted all available procedures.

///

1     With regard to the documents requested in Nos. 1 and 3 to 7, Defendants submit that they are
2 the subject of and encompassed within the Court's June 9, 2020 order granting in part Plaintiff's
3 motion to compel Defendants to further respond to Production Request No. 5 seeking correspondence
4 between Defendant and other individuals from October 2012 to June 2017.  (ECF No. 50 at 6;
5 Declaration of Diana Esquivel [Esquivel Decl.] ¶¶ 5-8.)  Defendant indicates that a supplemental
6 response as directed by the Court indicated "that, although Defendant does not have control over his
7 email account with CDCR, the division of the California Correctional Health Care Services (CCHCS)
8 does and agreed to conduct a search for responsive documents.  (Esquivel Decl., Ex. B.)  Defendant
9 submits that CCHCS has not located any emails to or from Defendant regarding Plaintiff's health care,
10 but "Plaintiff's name appears in a few 'mass emails with attachments referencing medication, bed
11 movement, off-site transportation reports, and the like," and counsel anticipates serving a *second*
12 supplemental response to Request No. 5 no later than August 17, 2020.  (Esquivel Decl. ¶ 7.)
13     In addition, Defendant points out that CCHCS cannot search for emails to or from Defendant
14 to the "Scheduler" because no email designation exists.  Nonetheless, Defendant submits that he is
15 attempting to identify who the "Scheduler" would have been for the relevant time, and once an
16 individual has been identified, CCHCS can run a search for any emails to or from Defendant and that
17 individual concerning Plaintiff.  (Esquivel Decl. ¶ 7.)  Defendant intends to further supplement his
18 response to Request No. 5 once all the relevant information is obtained.  (Id.)   Accordingly, Plaintiff's
19 request for the foregoing subpoenas duces tecum shall be denied.

20     **B.     Request for Employment Records**

21      Plaintiff requests the employment records regarding the date Defendant last worked at CCI.
22     Defendant opposes Plaintiff's request because he has not made a discovery request for
23 Defendant to produce his "employment time cards" while assigned to C-yard at CCI or to provide the
24 date on which Defendant went on medical leave.  (Esquivel Decl. ¶ 3.)  To date, only one interrogatory
25 asked Defendant to provide the reason for his leave of absence.  (Id.)  Because this information may be
26 in Defendant's possession, Plaintiff must request such information by way of interrogatories, requests
27 for production, or requests for admission, pursuant to Federal Rule of Civil Procedure 26.  If such
28 information is not available through such requests, Plaintiff may then file a renewed request

attempting to obtain information from a third party. Accordingly, Plaintiff's motion for a subpoena duces tecum shall be denied.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request for issuance of subpoenas is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **August 7, 2020**

UNITED STATES MAGISTRATE JUDGE