UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. E. SAID,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-00741-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF AN EXPERT WITNESS<br><br>(ECF No. 58) |

　　　Plaintiff Kory T. O'Brien is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's motion for appointment of an expert witness, filed August 31, 2020.

　　　Federal Rule of Evidence 706(a) permits a "district court to apportion all the cost [of an expert witness] to one side" in an appropriate case, as when[] one of the parties in an action is indigent" and "the expert would significantly help the court." McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991), vacated on other grounds sub nom. Helling v. McKinney, 502 U.S. 903 (1991), judgment reinstated, 959 F.2d 853 (9th Cir. 1991), aff'd, 509 U.S. 25 (1993).

///

///

///

1

An expert witness may testify to help the trier of fact understand the evidence or determine a fact at issue. Fed. R. Evid. 702. Under Rule 706(a) of the Federal Rules of Evidence, the Court has discretion to appoint a neutral expert on its own motion or on the motion of a party. Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. See Gamez v. Gonzalez, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010). Indeed, appointment of an independent expert under "Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice." In re JoinT E. & S. Dists. Asbestos Litig., 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case).

To the extent that Plaintiff seeks appointment of an expert witness for his own benefit, the court has no authority to grant him such relief. Rule 706(a) of the Federal Rules of Evidence permits the court to appoint only neutral expert witnesses. Id. Moreover, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11. The appointment of an independent expert is to assist the trier of fact, not a particular litigant. The Court may not appoint an expert witness to advocate for Plaintiff at trial. Plaintiff fails to demonstrate that this action is so complex that it requires the appointment of an expert witness to assist the trier of fact. Plaintiff does not explain how his deliberate indifference claim is factually or legally complex.

"[T]he most important question a court must consider when deciding whether to appoint a neutral expert witness is whether doing so will promote accurate factfinding." Gorton v. Todd, 793 F. Supp. 2d 1171, 1179 (E.D. Cal. 2011). The Court cannot presently answer this question, as the case is currently in the discovery phase. (ECF No. 43.) Defendants have not filed a motion for summary judgment and the Court cannot determine whether expert witness is necessary for the Court and/or any potential jury. See Estrada v. Rowe, No. C 08-2801 MMC (PR), 2011 WL 249453, at *5 (N.D. Cal. Jan. 25, 2011) ("[U]ntil the Court has had the opportunity to review the arguments and evidence submitted by the parties on summary judgment, no determination can be made that the issues are so complex as to require the testimony of an expert to assist the trier of fact.") (cited with approval in

2

Gorton, 793 F. Supp. 2d at 1184 n.12). Accordingly, the Court finds that Plaintiff's motion for the appointment of a neutral expert witness pursuant to Federal Rule of Evidence 706 is premature and is denied.

IT IS SO ORDERED.

Dated: **September 1, 2020**

UNITED STATES MAGISTRATE JUDGE