UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>              Plaintiff,<br><br>       v.<br><br>K. E. SAID,<br><br>              Defendants. | Case No.: 1:18-cv-00741-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND ENTRY OF DEFAULT<br><br>(ECF Nos. 64, 65) |

Plaintiff Kory T. O'Brien is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for sanctions and motion for entry of default, filed October 2, 2020 and October 7, 2020, respectively. (ECF Nos. 64, 65.)

**I.**

**DISCUSSION**

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). Such orders may include the following:

> (1) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;

      (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

      (iii) striking pleadings in whole or in part;

      (iv) staying further proceedings until the order is obeyed;

      (v) dismissing the action or proceedings in whole or in part; (vi) rending a default judgment against the disobedient party; or

      (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  The Ninth Circuit explained, "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 857, 589 (9th Cir. 1983) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).  The Ninth Circuit has counseled that if lesser sanctions have the potential to remedy any abuse, this is preferable to dispositive sanctions. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002) (the "availability of less drastic sanctions" is often determinative of whether dispositive sanctions should lie).

      Before issuing sanctions under Rule 37, the Court must consider the following factors, "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party [seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Rio Props, Inc. v. Rio Int'l Interlink, 284 F.3d at 1022.  As the Ninth Circuit has stated in the context of sanctions under Rule 37, "[w]e have found the element of prejudice to be essential, stating that sanctions which interfere with the litigants' claim or defenses violate due process when they are imposed 'merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case.' " Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990) (quoting Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 591 (9th Cir. 1983)).  "Where a court order is violated, the first two factors [the public's interest in expeditious resolution of litigation and the court's need to manage its docket] support sanctions and the fourth factor [the public policy favoring disposition of cases on their merits] cuts against default. Therefore,

it is the third [the risk of prejudice] and fifth [the availability of less drastic sanctions] factors that are dispositive." Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir. 1997).

On June 9, 2020, the Court granted Plaintiff's motion to compel Defendant's further response to Request No. 5, explaining that "[i]t is unclear from the response whether Defendant does not have possession, custody, or control of responsive documents because such documents do not exist …, or whether the documents do exist but are outside defendant['s] possession, custody, or control." (ECF No. 50 at 7:11-15.) The Court directed Defendant to supplement his response to Request No. 5 within thirty days, "indicating whether documents exist but are not in Defendant's possession, custody, or control, and if such documents exist, identify the appropriate custodian of records so that Plaintiff may subpoena the records if he wishes." (Id. at 9:17-21.)

Plaintiff seeks sanctions and entry of default against Defendant for failing to timely comply with the Court's June 9, 2020 order.

Defendant opposes Plaintiff's motion and argues he timely complied with the Court's June 9, 2020 order and Plaintiff has failed to demonstrate that Defendant's conduct was willful or that Plaintiff was substantially prejudiced as a result.

Defendant submits that on July 9, 2020, he served his first supplemental response to Request No. 5. (ECF No. 66, Ex. A.) Defendant explained that he does not have possession, custody, or control of his former email account with CDCR, where responsive documents would be located, and that CCHCS was the custodian of that email account. (Id.) Defendant further advised Plaintiff that CCHCS agreed to search the email account for responsive documents, but that no responsive documents had been provided as of the time of serving the supplemental response. (Id.)

On October 15, 2020, Defendant served a second supplemental response to Request No. 5 pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. (ECF No. 66, Ex. B.) Prior to serving the supplemental response, Defendant informed Plaintiff "on at least two separate occasions that Defendant would further supplement his response to Request No. 5 if CCHCS produced any responsive emails." (Pl.'s Mot at 10, ECF No. 64; Esquivel Decl. ¶ 7, ECF No. 56; Pl's Dep. at 152:13-20, Ex. C.) After Plaintiff's deposition, the parties discussed the documents produced by CCHCS. (Esquivel Decl. ¶¶ 9, 10.) Defendant "explained that the majority of the emails CCHCS

3

1  produced were not responsive to Request No. 5 because they did not involve Plaintiff's healthcare per se, but instead Plaintiff's name or CDCR number simply appeared on a list related to some administrative manner." (Id.; Ex. D.)  Plaintiff was informed that Defendant was in the process of reviewing the emails and would supplement the response if appropriate.  (Esquivel Decl. ¶¶ 9, 10.) However, Defendant was not able to complete the review of the CCHCS emails until October 14, 2020, and a second supplemental response to Request No. 5, with seven responsive emails, was provided the following day.  (Esquivel Decl. ¶ 11, Ex. B.)

Plaintiff contends that Defendant failed to comply with the discovery order in a "willful attempt to delay and cause prejudice to plaintiff."  (ECF No. 64 at 1.)

Plaintiff has not shown that Defendant failed to comply with the Court's June 9, 2020 order. Indeed, Plaintiff attaches Defendant's first supplemental response to Request No. 5 (dated July 9, 2020) to his motion for sanctions.  (ECF No. 64, at 8-9, 11.)  Although there was a delay in Defendant providing the second supplemental response, Defendant has explained the reason for the delay and Plaintiff has failed to present any facts or argument as to how he was prejudiced, or how the emails that were recently produced could have led to the discovery of pertinent or material information or documents.  In fact, on September 14, 2020, prior to the close of discovery, Defendant informed Plaintiff that there did not appear to be any emails regarding his healthcare that met the parameters of Request No. 5.  In addition, the few emails that were responsive to Request No. 5 contained information or medical records that are already known to Plaintiff or are available to him from review of his medical file.  (Esquivel Decl. ¶¶ 11, 12.)  Thus, Defendant submits that "[n]o information or document was disclosed with the second supplemental response that was of nay surprise to Plaintiff or that requires follow-up discovery."  (ECF No. 66 at 4:11-13.)  There is no basis in the record to demonstrate that Defendant engaged in conduct that is sanctionable or that entry of default is warranted.  Thus, Plaintiff's motion for sanctions and motion for entry of default shall be denied.

///
///
///

4

## II.

## CONCLUSION AND ORDER

Defendant timely served his supplemental response to Request No. 5 and complied with his obligation under Rule 26(e) by serving a second supplemental response to Request No. 5 once he was able to identify responsive emails that CCHCS provided. Accordingly, Plaintiff's motion for sanctions and motion for entry of default are denied.

IT IS SO ORDERED.

Dated:   **November 3, 2020**

UNITED STATES MAGISTRATE JUDGE