UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>        Plaintiff,<br><br>    v.<br><br>K. E. SAID,<br><br>        Defendant. | No. 1:18-cv-00741-JLT-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 76 & 85) |

Kory T. O'Brien, a state inmate, is proceeding on his claim against Defendant K. El-Said, his former physician, for deliberate indifference to serious medical needs in violation of the Eighth Amendment. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendant filed a motion for summary judgment on February 12, 2021. (Doc. 76.) The parties fully briefed the motion. (Docs. 81, 84.) The assigned magistrate judge entered findings and recommendations on October 26, 2021, recommending granting Defendant's motion for summary judgment and entering judgment in favor of Defendant. (Doc. 85.) The parties were given notice of their opportunity to object to the findings and recommendations within 30 days (*id.* at 17), and Plaintiff filed timely objections (Doc. 87).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's

1    objections, the Court concludes that the magistrate judge's findings and recommendations are
2    supported by the record and by proper analysis.

3        Plaintiff's first objection is that the magistrate judge recommended granting summary
4    judgment on grounds Defendant did not argue. (Doc. 87 & 3–4.) Plaintiff objects to two
5    sentences of the findings and recommendations of the findings and recommendations which
6    concern a build-up of lipid-rich plaque. Those issues did not arise in Defendant's motion for
7    summary judgment, but Plaintiff discussed the lipid-rich plaque in his opposition. (Docs. 78; 81
8    at 21–22.) Accordingly, it was proper for the findings and recommendations to address Plaintiff's
9    argument. Moreover, the findings and recommendations' analysis almost entirely addresses the
10   information about which Defendant was subjectively while he was Plaintiff's doctor. The Court
11   does not read those sentences as an alternative ground for granting the motion, much less the
12   primary ground.

13       Second, Plaintiff argues that the magistrate judge erred by failing to grant Plaintiff's
14   earlier motion for a medical expert. (Doc. 87 at 5–6.) Presumably, Plaintiff's objection relates to
15   the pending findings and recommendations' repeatedly noting that Plaintiff was unable to dispute
16   certain facts with his lay opinion. (Doc. 85 at 5 n.3, 6 n.4 & 5, 7 n.6.)

17       On August 31, 2020, Plaintiff filed a motion for the appointment of a medical expert,
18   which the magistrate judge denied the next day. (Docs. 58 & 59.) The Court will construe
19   Plaintiff's objection as a belated objection to a nondispositive pretrial matter under Federal Rule
20   of Civil Procedure 72. Rule 72(a) sets forth the procedure to object to nondispositive pretrial
21   matters referred to a magistrate judge:

22   > When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge
23   > must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may
24   > serve and file objections to the order within *14 days* after being served with a copy. *A party may not assign as error a defect in the*
25   > *order not timely objected to.* The district judge in the case must consider timely objections and modify or set aside any part of the
26   > order that is clearly erroneous or is contrary to law.

27   Fed. R. Civ. P. 72(a) (emphasis added).

28

2

The magistrate judge issued the order on September 1, 2020.  (Doc. 59.)  Plaintiff filed his objections to the findings and recommendations on October 26, 2021, making this objection untimely by over one year.  Accordingly, under Rule 72(a), Plaintiff "may not assign as error a defect in the order [because it was] not timely objected to."  Accordingly, this objection is overruled.[1]

Third, Plaintiff argues that Defendant knew Plaintiff had a serious medical need due to the March 2016 test results and is not excused from liability simply because it did not warrant an immediate appointment.  (Doc. 87 at 6–7.)  Even if that legal statement is true, the findings and recommendations recommended granting summary judgment because Defendant did not know Plaintiff had a serious medical condition while he was Defendant's physician.  Plaintiff points to no part of the record showing he created a genuine dispute of material fact to the contrary.  Accordingly,

1. The findings and recommendations issued on October 26, 2021 are adopted in full;
2. Defendant's motion for summary judgment (Doc. 76) is granted;
3. The Clerk of the Court is respectfully directed to enter judgment in favor of Defendant and to close this case.

IT IS SO ORDERED.

Dated:   **January 27, 2022**

UNITED STATES DISTRICT JUDGE

---

[1] In any event, the order was not clearly erroneous or contrary to law.  The order concluded that because no motions for summary judgment had been filed, it was too early to determine whether an expert witness would be necessary for the Court or a jury.  (Doc. 59 at 2–3.)